IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr87

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| JAMES WILLIAM GASTON (3) | ) |
| | ) |

**THIS MATTER** is before the Court upon motions of the defendant to dismiss Count One of the indictment for vagueness (Doc. No. 38) and for a Bill of Particulars (Doc. No. 37).

The defendant claims the indictment is deficient because it merely recites the statutory elements and fails to provide details regarding the respective roles of co-conspirators, the manner and means of the conspiracy, and the specific acts committed in furtherance of the conspiracy. (Doc. No. 38: Motion at 1). An indictment is ordinarily valid if it merely tracks the statutory language. United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1046 (4th Cir. 1987) (citing Hamling v. United States, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974)). Thus, an indictment for conspiracy is not required to detail the names and roles of alleged co-conspirators, Id., nor the times and places where conspiratorial acts were allegedly committed. United States v. Allen's Moving and Storage, Inc., No. 90-5824, 936 F.2d 567, at *5 (4th Cir. 2001) (unpublished) (citing Glasser v. United States, 315 U.S. 60, 66 (1974)). Here, the indictment tracks the statutory language and adequately gives the defendant notice of the charge he must defend. Therefore, the defendant's motion to dismiss for vagueness is without merit.

Where an indictment does not provide enough information to prepare a defense, a bill of particulars may be appropriate. American Waste Fibers Co., Inc., 809 F.2d at 1047. However,

such details may also be provided through discovery. United States v. Previti, 644 F.2d 318, 319 (4th Cir. 1981); Allen's Moving and Storage, Inc., 936 F.2d 567, at *5. Here, the government asserts that it has provided "open file" discovery to the defendant and that all of the information requested in the motion for a bill of particulars is contained in that discovery. (Doc. No. 42: Response at 1). The defendant has made no showing that the information provided by the government is insufficient to enable him to prepare for trial. Therefore, a bill of particulars is not required in this case.

**IT IS, THEREFORE, ORDERED,** that the defendant's motions to dismiss Count One of the indictment (Doc. No. 38) and for a bill of particulars (Doc. No. 37) are DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: August 4, 2006

Robert J. Conrad, Jr.
Chief United States District Judge